IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kelvin Sharod Addison, #309917, | ) | C/A No.: 1:15-572-SB-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Investigator Danny Catoe, | ) | |
| | ) | |
| Defendant. | ) | |

Kelvin Sharod Addison ("Plaintiff"), proceeding pro se and in forma pauperis, is an inmate incarcerated at Evans Correctional Institution in the custody of the South Carolina Department of Corrections ("SCDC"). He filed this action against Investigator Danny Catoe ("Defendant") alleging claims pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff's complaint asserts claims for malicious use of process, defamation, false imprisonment, false arrest, breach of duty, and emotional distress. [ECF No. 1 at 2]. Plaintiff states that on August 23, 2013, Defendant was advised that Plaintiff had thrown urine on Cpl. Moore ("Moore"). *Id.* at 3. Plaintiff alleges that Defendant claims to have

interviewed Moore and Sgt. Lippe ("Lippe") on August 28, 2013, and that Defendant transcribed the interviews on August 29, 2013. *Id.* According to Plaintiff, the transcripts say that Moore and Lippe knew the liquid Plaintiff threw was urine by the sight and the smell. *Id.* Plaintiff states that Defendant did not interview him. *Id*. Plaintiff claims that on September 4, 2013, Defendant obtained from the Lancaster County magistrate's office an arrest warrant for Plaintiff for a charge of throwing bodily fluids on a correctional employee. *Id.*

Plaintiff alleges that Moore testified at Plaintiff's disciplinary hearing on September 10, 2013, and stated "that he wasn't lookin[g] to smell urine, [] he was very upset." *Id.* Plaintiff claims that Lippe also testified at his disciplinary hearing and stated that she was five feet behind Moore, and "by the time she got anywhere close to smell anything all she could smell was mace." *Id.* at 4. Plaintiff claims Defendant received a copy of Lippe's incident report, dated August 22, 2013, that stated Lippe noticed Plaintiff throwing a liquid substance onto Moore from a cup. *Id.* Plaintiff alleges that at Plaintiff's preliminary hearing on January 2, 2014, Defendant testified that he had talked to Plaintiff, but that during his trial on November 14, 2014, Defendant testified that he did not talk to Plaintiff. *Id.* Plaintiff alleges that Moore testified during the trial that "he did not smell urine, only saw yellow being thrown." *Id.* Plaintiff argues that Lippe also testified that she did not smell urine or see the color of the liquid being thrown. *Id.* Plaintiff contends that he was acquitted. *Id.* Plaintiff seeks monetary damages. *Id.* at 5.

2

II.   Discussion

  A.   Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently

3

cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

To establish a § 1983 claim based on a Fourth Amendment violation for false arrest/imprisonment or malicious prosecution, a plaintiff must show that a seizure was effected without probable cause and that the legal process terminated in his favor. *See Massey v. Ojaniit*, 759 F.3d 343, 356 (4th Cir. 2014); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001); *Brooks v. City of Winston–Salem*, 85 F.3d 178, 183 (4th Cir. 1996). To demonstrate that an officer seized an individual pursuant to an arrest warrant without probable cause, a plaintiff must show that the officer "deliberately or with a reckless disregard for the truth made material false statements in his affidavit or omitted from that affidavit material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading." *Miller v. Prince George's Cnty.*, 475 F.3d 621, 627 (4th Cir. 2007) (internal citations and quotation marks omitted). However, allegations of negligence or honest mistake are insufficient to provide a basis for a constitutional violation. *Id.* at 627–28.

Plaintiff's complaint provides insufficient facts to challenge the validity of the warrant Defendant obtained against Plaintiff for throwing urine on Moore. Plaintiff does not allege that Defendant intentionally lied or recklessly made material omissions to obtain the arrest warrant, nor does Plaintiff offer any facts to show that Defendant knew that he lacked probable cause to charge Plaintiff. The reported inconsistencies in Moore's and Lippe's accounts of the incident, without more, fail to show that Defendant acted

with reckless disregard for the truth. Accordingly, Plaintiff's claims against Defendant for false arrest/imprisonment and malicious prosecution in violation of the Fourth Amendment are subject to summary dismissal.[1]

Because Plaintiff has not stated a claim of constitutional magnitude pursuant to § 1983 and has failed to allege any other basis for the court's jurisdiction, the court is without jurisdiction to consider Plaintiff's state law claims.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

February 27, 2015                           Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[1] To the extent that Plaintiff argues that Defendant's investigation was inadequate, Plaintiff's allegations are insufficient to state a constitutional claim. *Goodwyn v. Kincheloe,* 803 F.2d 713 (4th Cir. 1986) (holding that a police officer's negligent investigation does not rise to the level necessary to state a claim under § 1983); *Carter v. Bone,* C/A No. 3:09-779-CMC-JRM, 2010 WL 558598, *6 (D.S.C. Feb. 10, 2010) (finding that there is no cause of action for negligent investigation under § 1983).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).